# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EUGENE MCCAMPBELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL CAPTAIN<br>D. ZANCHI, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01574-AWI-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS ZANCHI AND CAMPBELL<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.   Screening Requirement**

Plaintiff Jack Eugene McCampbell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 29, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

The events giving rise to the claims at issue in this action allegedly occurred at the California Correctional Institution in Tehachapi. Plaintiff alleges that on March 26, 2007, during the course of an argument between Plaintiff and a number of correctional staff, Defendant Zanchi arrived and when informed of Plaintiff's attitude, told Plaintiff he just got himself placed on contraband watch. Plaintiff alleges that contraband watch normally lasts three days but he was on it for four days because they were using it to punish him. Plaintiff also alleges that Defendants Zanchi and Campbell forced him to sit handcuffed in a holding cage for approximately six and a half hours. Plaintiff alleges that his shoulders eventually became extremely painful and medical staff had to come due to loss of circulation. Plaintiff is seeking money damages for the violation of his rights under the United States Constitution.

### A.     Tight Handcuffs

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is

2

1 evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment
2 excessive force standard examines de minimis uses of force, not de minimis injuries)). Plaintiff's
3 allegations are sufficient to state a claim against Defendants Zanchi and Campbell for violation of
4 the Eighth Amendment arising out of leaving Plaintiff in tight handcuffs for an extended period of
5 time. Fed. R. Civ. P. 8(a).

      **B.**     **Placement on Contraband Watch**

7 "The Eighth Amendment's prohibition against cruel and unusual punishment protects
8 prisoners not only from inhumane methods of punishment but also from inhumane conditions of
9 confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions
10 of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and
11 unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.
12 2392 (1981)). Based on Plaintiff's description of the harsh conditions of contraband watch, his
13 allegation that he was subjected to it for four days without any reason other than to get back at him
14 for mouthing off is sufficient to give rise to a claim for relief against Defendant Zanchi. Fed. R. Civ.
15 P. 8(a).

16 To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
17 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
18 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
19 another of a constitutional right, where that person 'does an affirmative act, participates in another's
20 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
21 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
22 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection
23 can be established not only by some kind of direct, personal participation in the deprivation, but also
24 by setting in motion a series of acts by others which the actor knows or reasonably should know
25 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Because
26 only Defendant Zanchi is linked to Plaintiff's placement on contraband watch, Plaintiff has not stated
27 a claim against any of the other defendants for violation of the Eighth Amendment.
28 ///

### C. Retaliation and Verbal Abuse

By Plaintiff's own admission, he and the officers were taunting one another, and Plaintiff's defiant attitude angered staff and led to his placement in handcuffs and on contraband watch. Because Plaintiff was not engaging in activity protected under the First Amendment, his placement in tight handcuffs and on contraband watch does not support a claim under section 1983 for retaliation. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). As set forth above, it is the Eighth Amendment which serves to protect Plaintiff against the conditions he was subjected to. Further, the verbal abuse that was directed at Plaintiff by officers during the course of the events at issue, including when he was on contraband watch, does not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

### D. Claim Against the California Department of Corrections and Rehabilitation

Plaintiff names the California Department of Corrections and Rehabilitation as a defendant in the complaint. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Id.

## III. Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Zanchi and Campbell for use of excessive force, and against Defendant Zanchi for placement on contraband watch, but fails to state any other claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Zanchi and Campbell on his Eighth Amendment claims, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants CDCR, Curliss, Adame, Rivera, and Gould be dismissed from this action. Plaintiff will be provided with two summonses and two USM-285 forms for completion and return, and upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Zanchi and Campbell on his Eighth Amendment claims; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 27, 2008**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE