# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EUGENE MCCAMPBELL,<br><br>             Plaintiff,<br><br>   v.<br><br>CORRECTIONAL CAPTAIN<br>D. ZANCHI, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-01574-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 8)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

      Plaintiff Jack Eugene McCampbell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 27, 2008, the Court issued an order finding that Plaintiff's complaint states claims under the Eighth Amendment against Defendants Zanchi and Campbell for use of excessive force, and against Defendant Zanchi for placement on contraband watch, but fails to state any other claims upon which relief may be granted. The Court ordered Plaintiff, within thirty days, to either file an amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable.  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

1

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 29, 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order expressly stated: "If Plaintiff fails to comply with this order,

///

1  this action will be dismissed for failure to obey a court order." Thus, Plaintiff had adequate warning
2  that dismissal would result from his noncompliance with the Court's order.
3       Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
4  prejudice, based on Plaintiff's failure to obey the Court's order of May 27, 2008.
5       These Findings and Recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**
7  **days** after being served with these Findings and Recommendations, Plaintiff may file written
8  objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
11 1153 (9th Cir. 1991).

13     IT IS SO ORDERED.
14     **Dated:**   **July 22, 2008**          /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE